UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
KERON LYNCH,

                Plaintiff,                  **AMENDED COMPLAINT**

    -against-

                                        9:21-CV-895
C.O. RAY G. BARKER,                 (MAD/TWD)
C.O. RYAN J. LONDRIGAN and
SGT. SCOTT J. COOK,                  Plaintiff Demands a
                                        Trial by Jury

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff, by his attorneys Sivin, Miller & Roche, LLP, complaining of defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

    1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

    2. That at all times herein mentioned, plaintiff was incarcerated at Great Meadow Correctional Facility (Great Meadow), in Comstock, NY, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS).

    3. That at all times herein mentioned, defendants were and are citizens of the State of New York.

    4. That at all times herein mentioned, defendant C.O. Ray G. Barker (Barker) was a correction officer employed at Great Meadow by DOCCS.

    5. That at all times herein mentioned, Barker was acting within the course and scope of his employment as a DOCCS correction officer.

6. That at all times herein mentioned, Barker was acting under color of state law.

7. That at all times herein mentioned, defendant C.O. Ryan J. Londrigan (Londrigan) was a correction officer employed at Great Meadow by DOCCS.

8. That at all times herein mentioned, Londrigan was acting within the course and scope of his employment as a DOCCS correction officer.

9. That at all times herein mentioned, Londrigan was acting under color of state law.

10. That at all times herein mentioned, defendant Sgt. Scott J. Cook (Cook) was a sergeant employed at Great Meadow by DOCCS.

11. That at all times herein mentioned, Cook was acting within the course and scope of his employment as a DOCCS sergeant.

12. That at all times herein mentioned, Cook was acting under color of state law.

13. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

14. That venue is proper in the Northern District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

15. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

16. That on May 9, 2021, inside Great Meadow, Barker and Londrigan brutally assaulted and battered plaintiff by, among other things, punching plaintiff multiple times in the head, face, and body while plaintiff was in handcuffs.

17. That the aforesaid actions of Barker and Londrigan were intentional, sadistic, and malicious in nature, and were undertaken without any legal justification and not in furtherance of any legitimate penological interest.

18. That Cook observed the aforesaid assault and battery by Barker and Londrigan, had reasonable opportunities to intervene to prevent and/or stop the assault and battery, and deliberately failed to do so.

19. That the aforesaid actions by Cook were intentional, sadistic, and malicious in nature.

20. That as a result of the aforementioned actions of Barker, Londrigan, and Cook, plaintiff sustained severe physical injuries, including but not limited to two broken ribs, as well as psychological injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, and was otherwise damaged.

## FIRST CAUSE OF ACTION
**(42 USC § 1983: Eighth Amendment)**

21. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

22. That the aforementioned acts by defendants were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

23. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

WHEREFORE, plaintiff seeks judgment against defendants, and each of them, for compensatory damages in the amount of Two Million ($2,000,000.00) Dollars, and

punitive damages in an amount to be determined by the trier of fact, and plaintiff also seeks attorney's fees against all defendants pursuant to 42 USC § 1988, and plaintiff seeks interest, costs, and disbursements of this action.

Dated: New York, New York
       November 8, 2021

                                                  Yours, etc.
                                                  Sivin, Miller & Roche, LLP

                                                  By *Edward Sivin*
                                                      Edward Sivin
                                                  Bar Roll No. 514765
                                                  Attorneys for plaintiff
                                                  20 Vesey St., Suite 1400
                                                  New York, NY  10007
                                                  (212) 349-0300