UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KERON LYNCH,

                  **Plaintiff,**

    vs.                                                    9:21-CV-00895
                                                              (MAD/TWD)

R. BARKER, R. LONDRIGAN, and
S. COOK,

                  **Defendants.**
_____

APPEARANCES:                                  OF COUNSEL:

**SIVIN, MILLER & ROCHE LLP**          **EDWARD SIVIN, ESQ.**
20 Vesey Street                             **CLYDE RASTETTER, ESQ.**
Suite 1400                                     **DAVID ROCHE, ESQ.**
New York, New York 10007            **GLENN D. MILLER, ESQ.**
Attorneys for Plaintiff

**SCHULMAN TRIAL, PLLC**              **EYLAN SCHULMAN, ESQ.**
20 Vesey Street
Suite 1400
New York, New York 10007
Attorneys for Plaintiff

**NEW YORK STATE ATTORNEY**      **MATTHEW GALLAGHER, AAG**
**GENERAL**                                     **STEVE NGUYEN, AAG**
Litigation Bureau
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       On August 5, 2021, Plaintiff Keron Lynch commenced this action pursuant to 42 U.S.C. §

1983, alleging violations of his Eighth Amendment rights while he was incarcerated at Great Meadow Correctional Facility.  *See* Dkt. Nos. 1, 19.  Trial is scheduled to commence on November 28, 2022.  Currently before the Court are the parties' motions *in limine*.  *See* Dkt. Nos. 39, 48.  Plaintiff seeks to preclude Defendants from offering into evidence (1) the names of Plaintiff's 2017 criminal convictions for murder, criminal possession of a weapon, and gang assault; (2) Plaintiff's disciplinary history while incarcerated; and (3) the photographs of the contraband recovered from Plaintiff during the underlying incident.  *See* Dkt. No. 39 at 2-3.  Plaintiff also seeks to preclude Defendants from asserting the defense of qualified immunity at trial.  *See id.* at 3-6.  Defendants seek (1) to admit evidence at trial of Plaintiff's criminal convictions for purposes of impeachment, and (2) to preclude evidence or argument of any type of conspiracy amongst Defendants or within DOCCS as it may relate to Plaintiff's claims.  *See* Dkt. No. 48 at 3-8.

For the reasons set forth below, Plaintiff's motion is granted in part and denied in part, and Defendants' motion is granted.

## II. DISCUSSION

**A.      Legal Standards**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996).  "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds."  *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is

placed in the appropriate factual context." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing *Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287). Further, a district court's ruling on a motion *in limine* is preliminary and "subject to change when the case unfolds." *Luce*, 469 U.S. at 41. The moving party bears the burden of establishing that evidence is inadmissible for any purpose and so properly excluded on a motion *in limine*. *See United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016).

**B.     Plaintiff's 2017 Felony Convictions**

Defendants argue that they should be allowed to impeach Plaintiff with the names, dates, and sentences imposed for each of his prior felony convictions. *See* Dkt. No. 48 at 3-6. Plaintiff opposes any reference to the names of the crimes of which he was convicted. Plaintiff argues that, under Rule 609(a) of the Federal Rules of Evidence, Defendants should be prohibited from introducing such evidence because the probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See* Dkt. No. 39 at 2.

Rule 609(a) of the Federal Rules of Evidence provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year ... must be admitted, subject to Rule 403, in a civil case." Fed. R. Evid. 609(a)(1)(A). In other words, a district court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (quoting Fed. R. Evid. 403). However, where over ten years have passed since the witness's past felony conviction or release from confinement for it, whichever is later,

Rule 609(b) provides that the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and ... the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."

In balancing probative value against prejudicial effect under Rule 609, courts examine: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted). "Although all of these factors are relevant, 'prime among them is the first factor, *i.e.*, whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (alterations omitted). The district court has "wide discretion to impose limitations on the cross-examination of witnesses," *see United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002), which includes the discretion to "exclude the nature or statutory name of the offense, ... [or] the length of the sentence when its probative value is outweighed by its prejudicial effect," *see Brown*, 606 F. Supp. 2d at 312.

"Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," although "all Rule 609(a)(1) felonies are not equally probative of credibility." *Estrada*, 430 F.3d at 618. Violent crimes such as murder, conspiracy, robbery, and weapons possession are generally not particularly probative as to honesty or veracity. *See id.* at 617-18 (noting that convictions for violent or assaultive crimes generally do not relate to credibility). However, "crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violations of

4

basic standards rather than impulse or anger, and usually it involves some element of deceiving the victim." *Id.* at 618 (internal quotation omitted).

Plaintiff's 2017 felony convictions were for murder, criminal possession of a weapon, and gang assault. *See* Dkt. No. 39 at 2. Plaintiff is currently serving a term of incarceration of thirty-seven years to life on these convictions. Therefore, the Rule 609(b) presumption against admissibility is not applicable here. *See* Fed. R. Evid. 609(b) ("This subdivision ... applies if more than 10 years have passed since the witness's conviction or release from confinement for it, *whichever is later*") (emphasis added). Nor is there any evidence to indicate that these convictions required proving a dishonest act as required by Rule 609(a)(2). "Having concluded that these convictions are not presumptively barred under Rule 609(b), and not presumptively admissible under Rule 609(a)(2), the Court must now undertake the balancing of factors required under Rule 609(a)(1)." *Espinosa v. McCabe*, No. 9:10-CV-497, 2014 WL 988832, *4 (N.D.N.Y. Mar. 12, 2014).

The Court finds that the probative value of names of Plaintiff's felony convictions, their dates, and the sentences imposed is not substantially outweighed by the danger of that evidence. Initially, the Court acknowledges that Plaintiff's convictions of murder, criminal possession of a weapon, and gang assault—all violent crimes—are not particularly probative as to honesty or veracity. *See Estrada*, 430 F.3d at 617-18. However, this is the only factor that weighs against the admission of this evidence. Turning to the remaining factors, first, these convictions are not so remote as to diminish their probative value. *See Robinson v. Troyan*, No. CV 07-4846, 2011 WL 5416324, *2 (E.D.N.Y. Nov. 8, 2011) (quoting *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997)). Second, the convictions are not similar in nature to the conduct at issue in this case; namely, the alleged use of excessive force by Defendants. *See Thomas v. Leifeld*, No.

5

9:13-CV-321, 2018 WL 3387690, *3 (N.D.N.Y. July 12, 2018) ("The less similar the pending case to the prior conviction, the less prejudicial its admission is").  Finally, it appears that Plaintiff's credibility will highly important in this case.

"[T]he Court must also consider the standard Rule 403 factors: 'unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Espinosa*, 2014 WL 988832, at *6.  "While most of these considerations are incorporated into the Rule 609(a) factors discussed above, it is worth noting that the factors of undue delay, wasting time, and cumulative evidence militate against admitting evidence of each of Plaintiff's felony convictions and the details thereof." *Id.*  Here, the Court does not find that admitting the names of Plaintiff's felony convictions, the dates, and the sentences imposed have the potential of being unduly cumulative or wasting time.  *See Ramsay-Nobles*, 2020 WL 359901, at *3 ("[T]he simple act of asking a witness whether and when [they were] convicted of a particular crime, and what punishment [they] received therefor, does not implicate such things as undue delay or juror confusion").

Accordingly, Plaintiff's motion to preclude evidence and testimony concerning the names, dates, and sentences imposed for his 2017 convictions is denied.  Defendants' motion to admit this evidence is granted.[1]

## C.     Plaintiff's Disciplinary Record

Plaintiff moves to preclude evidence of disciplinary infractions that occurred prior to the underlying incident.  *See* Dkt. No. 39 at 2-3.  Defendants state that they "do not intend to

---

[1] However, this holding does not extend to the underlying details of Plaintiff's 2017 felony convictions.  Admitting such evidence runs a significant risk of confusing the issues and causing undue delay.  Therefore, Defendants may not introduce evidence concerning the underlying details of Plaintiff's 2017 convictions unless Plaintiff should open the door to such a line of questioning.

6

reference Plaintiff's prison disciplinary history at trial." Dkt. No. 52 at 3.

Accordingly, Plaintiff's motion to preclude evidence and testimony concerning his prior disciplinary history is granted.

**D.     Photographs of Contraband**

Plaintiff moves to preclude Defendants from offering into evidence several photographs of contraband Plaintiff possessed at the time of the underlying incident. *See* Dkt. No. 39 at 3; *see also* Dkt. No. 39-2. Plaintiff argues that (1) "the photographs would not be relevant to any factual issue in dispute" because he is not denying that he was in possession of the contraband; and (2) any probative value of the photographs would be substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury under Rule 403 of the Federal Rules of Evidence. *Id.* In opposition, Defendants argue that (1) Plaintiff's concession does not preclude them from offering these photographs into evidence; and (2) the probative value of the photographs is not substantially outweighed by the danger of unfair prejudice. *See* Dkt. No. 52 at 3-6.

Plaintiff's concession that he was in the possession of contraband does not render additional evidence on that issue irrelevant. As the Advisory Committee Notes to Rule 401 state,

> [t]he fact to which the evidence is directed need not be in dispute. While situations will arise which call for the exclusion of evidence offered to prove a point conceded by the opponent, the ruling should be made on the basis of such considerations as waste of time and undue prejudice (see Rule 403), rather than under any general requirement that evidence is admissible only if directed to matters in dispute. Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding. Charts, photographs, views of real estate, murder weapons, and many other items of evidence fall in this category.

Fed. R. Evid. 401, Advisory Committee's Notes (1972); *see also Old Chief v. United States*, 519

U.S. 172, 179 (1997).

Therefore, the Court turns to whether the probative value of the photographs would be substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Plaintiff does not explain how admission of these photographs would cause undue prejudice to him or confuse the jury. Indeed, as Defendants note, the jury will already be aware through testimony that Plaintiff was found to be in possession of contraband, and will presumably have heard descriptions of what was found. The pictures themselves are not gruesome or otherwise likely to inflame the jury. Rather, they merely depict (1) twelve individual paper bundles each containing what appears to be marijuana; (2) a large clear plastic bundle containing four smaller clear plastic bundles, each containing what appears to be marijuana; and (3) an object—apparently a black ceramic scalpel blade—wrapped in black electrical tape. *See* Dkt. No. 39-2.[2]

Accordingly, Plaintiff's motion to preclude Defendants from offering into evidence photographs of contraband Plaintiff possessed at the time of the underlying incident is denied.

**E.    Qualified Immunity**

Plaintiff argues that Defendants should be foreclosed from presenting a qualified immunity defense at trial because (1) "in the context of Eighth Amendment claims of excessive force against prisoners, ... qualified immunity is, as a matter of law, not an available defense"; and (2) "Defendants' denial that they used any force against Plaintiff necessarily means they cannot ... prove they acted reasonably in connection with force in which they claim they never engaged." Dkt. No. 39 at 3-5. Defendants ask the Court to reserve judgment on the applicability of qualified

---

[2] If Plaintiff believes that photographic evidence of the contraband might distract or otherwise confuse the jury concerning the relevant issues in the case, Plaintiff may move to have a limiting instruction given to the jury at the appropriate time.

immunity until Defendants complete their proof at trial.  *See* Dkt. No. 52 at 5.

The Court finds *Henry v. Dinelle* persuasive despite Plaintiff's contention that it is an "outlier." Dkt. No. 39 at 5; *see Henry v. Dinelle*, 929 F. Supp. 2d 107, 123 (N.D.N.Y. 2013) (finding that it "is well settled that a defendant may be entitled to qualified immunity even where he has used excessive force") (collecting cases), *aff'd*, 557 Fed. Appx. 20 (2d Cir. 2014).  Indeed, none of the cases that Plaintiff relies on in his motion actually conclude that qualified immunity is, as a matter of law, unavailable as a defense against excessive force claims.  *See Castro v. City of New York*, No. 16-CV-8147, 2020 WL 6782000, *14 (S.D.N.Y. Nov. 18, 2020) (denying the defendants' motion for summary judgment on qualified immunity because "[a]ccepting [the] [p]laintiff's version of events ... would likely preclude a finding that [the] [p]laintiff's rights were not clearly established at the time of the violation, or that it was objectively reasonable for [the defendants] to believe the conduct at issue was lawful"); *Ismael v. Charles*, No. 1:18-CV-3597, 2020 WL 4003291, *10 (S.D.N.Y. July 15, 2020) (finding that issues of fact precluded the defendants' motion for summary judgment on qualified immunity against an excessive force claim); *Zimmerman v. Pautz*, No. 12-CV-00763, 2020 WL 13358554, *15 (W.D.N.Y. June 2, 2020) (recommending that the reviewing court should find that the defendants were not entitled to qualified immunity because "it was well-established ... that prison inmates were not to be subjected to excessive force"), *report and recommendation adopted*, 2022 WL 1401252 (W.D.N.Y. May 4, 2022).

Ultimately, whether qualified immunity is available to Defendants depends on the circumstances of this particular case and the facts that will be presented at trial. *See Stephenson v. Doe*, 332 F.3d 68, 77 (2d Cir. 2003) ("The Supreme Court has recently made clear that even officers who are found to have used excessive force may be entitled through the qualified

9

immunity doctrine to an extra layer of protection 'from the sometimes hazy border between excessive and acceptable force'") (quotation omitted); *Rodriguez v. Phillips*, 66 F.3d 470, 476 (2d Cir. 1995) ("While the right of an individual not to be subjected to excessive force in any context is 'clearly established' in the conventional sense, the ... Supreme Court teaches that the facts and circumstances of each case must be examined to determine whether [the defendants are entitled to qualified immunity]") (quotations omitted).

Accordingly, Plaintiff's motion to preclude Defendants from presenting a qualified immunity defense at trial is denied as premature.

F.  **Evidence of a Conspiracy**

Defendants argue that Plaintiff should be precluded from presenting any evidence or argument that Defendants and/or DOCCS conspired to carry out a cover-up of the underlying incident. *See* Dkt. No. 48 at 6-8. Defendants assert that any evidence or insinuations of the existence of an overarching conspiracy theory would be irrelevant, prejudicial, and confusing to the jury. *See id.* Plaintiff has not submitted any response to this request.

The Court agrees with Defendants that any testimony suggesting an overarching conspiracy cover-up of the underlying incident creates a significant risk of unduly prejudicing Defendants and confusing the jury. The Court emphasizes that DOCCS is not a defendant here, there is no claim of conspiracy asserted against Defendants, and no allegations to this effect in the amended complaint. As Defendants note, Plaintiff is, of course, free to argue or introduce evidence establishing that Defendants have lied about the underlying incident. However, the probative benefit of any testimony about overarching conspiracies is significantly outweighed by the dangers set forth in Rule 403.

Accordingly, Defendants' motion to preclude Plaintiff from presenting evidence that

Defendants and/or DOCCS engaged in a conspiracy to cover-up the underlying incident is granted.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 39) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 48) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 21, 2022
Albany, New York

Mae A. D'Agostino
U.S. District Judge